IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL ALEXANDER THOMPSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-17-758-F |
| JANET DOWLING, Warden, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Michael Alexander Thompson (Petitioner), an Oklahoma state prisoner appearing pro se, brings this action under 28 U.S.C. § 2254, seeking habeas relief from a March 31, 2009 conviction and sentence. Doc. 1.[1] United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

After a careful examination of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Rule 4), the undersigned recommends its summary dismissal as time-barred. *See* 28 U.S.C. § 2244(d).

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Unless otherwise indicated, quotations are verbatim.

I. **Petitioner's claims.**

Petitioner requests federal relief from the conviction and sentence that followed his plea of guilty to a charge of child abuse in the District Court of Oklahoma County, Case No. CF-2008-31. Doc. 1, at 2. He asks the court to order his "immediate release." *Id.* at 17. As grounds for that relief, Petitioner maintains the State of Oklahoma violated his right to due process by failing to address his post-conviction ineffective assistance of trial counsel allegations. *Id.* at 5. He claims he "has been denied [e]ffective [a]ssistance of [c]ounsel in his pre-trial, plea bargaining, and sentencing 'critical' stages of his criminal prosecution." *Id.* at 16, 4-17.

II. **Screening.**

Rule 4 requires the court to review habeas petitions and any attached exhibits promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." This rule allows the court to sua sponte raise the timeliness of a petition for writ of habeas corpus if untimeliness is "clear from the face of the petition." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008); *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he may present his position by filing an objection to the Report and Recommendation. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* (internal quotation marks omitted); *see Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007) (explaining *Day*).

## III. Analysis.

### A. Timeliness under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

AEDPA establishes a one-year period of limitation for a habeas petitioner in state custody to file his petition and, in addition, establishes the date that one-year period starts to run:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The period of limitation under this statute generally runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### B. The latest starting date of the one-year period in this case.

Petitioner acknowledges that "[i]f [his] judgment of conviction became final over one year ago, [he] must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] petition." Doc. 1, at 4. He then contends his

> §2254 Habeas Petition relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Supreme Court holds in *Buck v. Davis*, 137 S. Ct. 759 (February 22, 2017) that "Supreme Court's decisions in *Martinez* and *Trevino*, permitting federal habeas review of an ineffective assistance of trial counsel claim that was defaulted in a state postconviction proceeding if

state habeas counsel was constitutionally ineffective in failing to raise it, and the claim has 'some merit', applied retroactively to cases on collateral review."

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(l), refers to holdings, as opposed to the dicta, of the Court's decisions as of the time of the relevant state-court decision. Nonetheless, in *Buck*, the Supreme Court opined that "[w]e therefore decline to reach the Teague question and conclude that *Martinez* and *Trevino* apply to Buck's claim."

*Id.*

Petitioner's pleadings provide no basis for analysis under 28 § 2244(d)(1)(B) or (D). *See* Doc. 1. So, the relevant inquiry here is whether the latest starting date for the one-year period of limitation is, as usual, the "date on which [Petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A,) or is, as Petitioner asserts, "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2244(d)(1)(C).

1. **Starting date under 28 U.S.C. § 2244(d)(1)(A).**

On January 9, 2009, Petitioner pleaded guilty to child abuse, and the court pronounced judgment and sentence on March 31, 2009. Doc. 1, at 2. Petitioner had ten days from that date to apply to withdraw his plea in the trial court. *See* Okla. Crim. App. R. 4.2(A) ("In all cases, to appeal from any

5

conviction on a plea of guilty . . ., the defendant must have filed . . . an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence . . . ."). Petitioner did not do so, Doc. 1, at 3, so "the judgment[] on [his] conviction[] became final ten days later," on April 10, 2009. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing Okla. Crim. App. R. 4.2(A)). Under 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation for federal habeas review would start to run on the following day, April 11, 2009, and would expire one year later, on April 11, 2010. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011) (the one-year period of limitation begins to run the day after a conviction is final).

### 2. Starting date under 28 U.S.C. § 2244(d)(1)(C).

To avoid that result, Petitioner maintains the starting date for the one-year period of limitation was February 22, 2017, the date the Supreme Court decided *Buck v. Davis*, 137 S. Ct. 759 (2017); *see* Doc. 1, at 4-5. But "th[at] decision[] did not restart the limitations period and thus do[es] not render [Petitioner's] petition timely." *Preston*, 234 F.3d at 1120. Contrary to Petitioner's premise, the "Supreme Court did not 'newly recognize[]' any *relevant* constitutional right" in *Buck*, a decision in a Texas capital murder case. *Id.* (quoting 28 U.S.C. § 2244(d)(1)(C) (emphasis added). The Court did not, as Petitioner suggests, broadly "hold[] that [its] decisions in *Martinez* [*v. Ryan*, 566 U.S. 1 (2012)] and *Trevino* [*v. Thaler*, 133 S. Ct. 1911 (2013)] applied

6

retroactively to cases on collateral review." Doc. 1, at 4. Rather, the Court applied *Martinez* and *Trevino* on waiver principles. *See Buck*, 137 S. Ct. at 780.

Because Petitioner "cannot take advantage of 28 U.S.C. § 2244(d)(1)[C]," *Preston*, 234 F.3d at 1120, the one-year period of limitation in this case started to run on April 11, 2009 under § 2244(d)(1)(A), and expired on April 11, 2010. Absent tolling, Petitioner's federal habeas petition—filed at the earliest on July 14, 2017[2]—is untimely by over seven years.

### C. Statutory tolling.

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner did not file an application for post-conviction relief until July 20, 2016. Doc. 1, at 3. As a result, that application did not statutorily toll his period of limitation. *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.") (citations omitted).

---

[2] Because Petitioner verified that he placed the petition in the prison legal mail system on July 14, 2017, it is deemed filed on that date. Doc. 1, at 19; *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

### D. Equitable tolling.

The one-year period of limitation "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citations omitted); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) ("hold[ing] that § 2244(d) is subject to equitable tolling in appropriate cases") (citations omitted).

"'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted). To justify equitable tolling, a petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted). And, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (internal quotation marks omitted).

Petitioner has not shown entitlement to equitable tolling. He has not shown "specific facts to support [a] claim of extraordinary circumstances and

due diligence." *Yang v. Archletta*, 525 F.3d 925, 928 (10th Cir. 2008). At best, he points to his counsel's alleged abandonment and failures but does not describe any extraordinary circumstance that prevented *him* from diligently seeking state remedies and federal habeas relief prior to his markedly belated attempts in July 2016 and July 2017, respectively.

**IV. Recommendation and notice of right to object.**

"[P]etitioner is not entitled to relief in the district court" because his petition is time-barred, and the undersigned recommends its summary dismissal. Rule 4. Adoption of this report would moot Petitioner's Motion for Appointment of Counsel, Doc. 1, at 17-18, and his Motion to Certify Question of Law to Oklahoma Supreme Court, Doc. 3.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 21, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at the following address:

9

fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 1st day of September, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE